IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| BERTOLINI CORPORATION, | ) ) | **C O M P L A I N T** |
| Defendant. | ) ) ) | JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Cindra Newton (formerly Cindra Dec) and Brian McBride. As alleged with greater particularity in paragraphs 8-12 below, the Equal Employment Opportunity Commission alleges that Bertolini Corporation retaliated against Newton and McBride for complaining about and reporting discrimination by terminating Newton's employment and by disciplining and terminating McBride's employment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The unlawful employment practices alleged below were committed within the

jurisdiction of the United States District Court for the Middle District of Tennessee, Columbia Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000-5(f)(1) and (3).

4.     At all relevant times, Defendant Bertolini Corporation ("Defendant" or "Defendant Employer"), has continuously been doing business in the State of Tennessee and the City of Lawrenceburg, and has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.     More than thirty (30) days prior to the institution of this lawsuit, Cindra Newton and Brian McBride filed charges of discrimination with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least approximately April 2010, Defendant has engaged in unlawful employment practices at its Lawrenceburg, Tennessee facility, in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §2000e-2(a) and 3(a).

8.     The unlawful employment practices involved retaliating against Cindra Newton by terminating her employment because she engaged in activity protected by Title VII.

2

a. Defendant operates a manufacturing facility located in Lawrenceburg, Tennessee and manufactures stackable chairs.

b. Defendant hired Newton in September 2009 as Human Resources Assistant/Safety Coordinator.

c. As Human Resources Assistant/Safety Coordinator, Newton served as the primary contact for Human Resources services and functions to staff and service providers, handled payroll functions, and coordinated safety functions.

d. On or about September 27, 2010, Newton complained to Maria Frias (Defendant's Corporate Human Resources representative) via email that Plant Manager Gary Daniels was treating Hispanic Supervisor Ronnie Gonzalez more favorably than other non-Hispanic employees.

e. On or about October 12, 2010, Newton complained to Daniels via email that Gonzalez was receiving preferential treatment and that Defendant had already received prior allegations of discrimination.

f. On or about October 12, 2010, Newton also complained to Frias via email that she believed Gonzalez was receiving preferential treatment with regard to attendance and evaluations.

g. On or about October 15, 2010, Newton complained to Daniels via email that Defendant was engaging in discrimination and treating Hispanic employees more favorably than non-Hispanic employees.

h. On or about October 15, 2010, Defendant terminated Newton. Defendant claimed Newton's position was eliminated.

9. The unlawful employment practices also involved subjecting Brian McBride to

unlawful retaliation by disciplining him and terminating his employment, because he engaged in activity protected by Title VII.

      a.     Defendant hired McBride in April 2009 as a Maintenance Mechanic.

      b.     As Maintenance Mechanic, McBride performed industrial maintenance work, including machine troubleshooting and repair.

      c.     McBride's "Introductory Period Performance Review" completed on July 17, 2009 indicated that McBride "communicates well with others and maintains good relationships."

      d.     On or about April 15, 2010, McBride complained to Daniels and Newton that Hispanic Supervisor Ronny Gonzales was hostile towards Americans and Whites.

      e.     On or about May 20, 2010, Defendant issued a written warning to McBride for unsatisfactory performance or conduct.

      f.     On or about May 20, 2010, Defendant informed McBride that his employment was ending and that he had 60-90 days to find another job. Defendant claimed McBride was being terminated because of his disregard for authority and his negative comments.

      h.     McBride worked for Defendant until July 23, 2010.

10.    The effect of the practices complained of in paragraphs 8-9 above has been to deprive Newton and McBride of equal employment opportunities and otherwise adversely affect their status as employees because they engaged in protected activity.

11.    The unlawful employment practices complained of in paragraphs 8-9 above were intentional.

12.    The unlawful employment practices complained of in paragraphs 8-9 above were

done with malice or with reckless indifference to the federally protected rights of Newton and McBride.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in retaliation and discrimination on the basis of national origin or race.

B.     Order Defendant to institute and carry out policies and provide mandatory training regarding Title VII and its prohibition against retaliation and discrimination based on national origin and race to all management and non-management officials in its facilities.

C.     Order Defendant Employer to make whole Cindra Newton and Brian McBride by providing appropriate back pay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant to make whole Cindra Newton and Brian McBride by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraphs 8-9 above in amounts to be determined at trial.

E.     Order Defendant to make whole Cindra Newton and Brian McBride by providing compensation for past and future non-pecuniary losses, including but not limited to emotional pain, suffering, mental anguish, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.     Order Defendant to pay punitive damages to Cindra Newton and Brian McBride for its intentional, malicious and/or reckless conduct, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public

interest.

H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730
faye.williams@eeoc.gov

JOSEPH CROUT
Supervisory Trial Attorney
TN Bar No. 012957
joseph.crout@eeoc.gov

KELLEY THOMAS
Trial Attorney
TN Bar No. 023926
kelley.thomas@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Ave., Suite 901
Memphis, TN  38104
(901) 544-0099